``

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TYLER W. KOCH,                    )
                                  ) No. CV-06-194-CI
          Plaintiff,              )
                                  ) ORDER GRANTING IN PART
v.                                ) PLAINTIFF'S MOTION FOR
                                  ) SUMMARY JUDGMENT; DENYING
MICHAEL J. ASTRUE, Commissioner   ) DEFENDANT'S MOTION FOR
of Social Security,[1]            ) SUMMARY JUDGMENT; AND
                                  ) REMANDING FOR PAYMENT OF A
          Defendant.              ) CLOSED PERIOD OF BENEFITS
                                  )

     BEFORE THE COURT are Plaintiff's Motion for Summary Judgment
(Ct. Rec. 12) and Defendant's Motion for Summary Judgment (Ct. Rec.
15).  Plaintiff filed a reply on January 8, 2007 (Ct. Rec. 17).  The
court noted the matter for hearing without oral argument on January
8, 2007. (Ct. Rec. 11.)  Attorney Maureen J. Rosette represents
Plaintiff; Special Assistant United States Attorney David M. Blume
represents the Commissioner of Social Security ("Commissioner").
The parties have consented to proceed before a magistrate judge.

_____

     [1]As of February 12, 2007, Michael J. Astrue succeeded Acting
Commissioner Linda S. McMahon as Commissioner of Social Security.
Pursuant to FED. R. CIV. P. 25(d)(1), Commissioner Michael J. Astrue
should be substituted as Defendant, and this lawsuit proceeds
without further action by the parties.  42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 1

(Ct. Rec. 7.)  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12), **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **REMANDS** for further proceedings.

### JURISDICTION

Plaintiff applied for Supplemental Security Income benefits on September 21, 2000, and July 23, 2001 (Tr. 366-368, 376-378), and for Disability Insurance Benefits ("DIB") on September 21, 2000, July 20, 2001, and July 9, 2002, alleging an onset date of September 30, 1998. (Tr. 69-71, 73-75, 76-78.)  Plaintiff's DIB application filed on September 8, 2000, was denied on December 11, 2000, and not appealed. (Tr. 466, 33-36.) The other applications were denied initially and on reconsideration. (Tr. 370-373, 380-383, 385-387.) Administrative Law Judge (ALJ) R. J. Payne held the first hearing on September 17, 2003. (Tr. 390-438.) On November 20, 2003, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 18-26.)[2]  At a second hearing held on February 18, 2005, Plaintiff and

---

[2]After the first decision, the parties stipulated that the case should be reversed and remanded for further administrative proceedings, including a new hearing to re-evaluate the medical opinions, to further evaluate the severity of impairments, particularly mental impairments, to further evaluate the presence of drug and/or alcohol abuse, and to continue with the sequential evaluation process.  The court entered an order to reverse and remand on September 1, 2004.  (Tr. 481.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 2

medical expert Allen Bostwick, Ph.D., testified. (Tr. 619-668.) At
a supplemental hearing on May 5, 2005, medical expert Arthur Craig,
M.D., and vocational expert Deborah LaPoint testified. (Tr. 669-
700.)  In his decision issued on July 27, 2005, the ALJ found that
Plaintiff was able to perform some of his past work; alternatively,
the ALJ found that Plaintiff could perform other work existing in
significant numbers in the national economy; accordingly, the ALJ
found that Plaintiff is not disabled.  (Tr. 473-474.)  The Appeals
Council considered additional medical evidence submitted by
Plaintiff's counsel and on June 15, 2006, denied a request for
review.  (Tr. 439-441).  Therefore, the ALJ's decision became the
final decision of the Commissioner, which is appealable to the
district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this
action for judicial review pursuant to 42 U.S.C. § 405(g) on July 7,
2006.  (Ct. Rec. 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing
transcripts, the ALJ's decisions, the briefs of both Plaintiff and
the Commissioner, and will only be summarized here.

Plaintiff was 49 years old on the date of the relevant ALJ's
decision.  (Tr. 463-474, 405.)  He attended school through the
eleventh grade, earned a GED, and attended community college from
September 2001 through 2004.  He earned 107 credits and maintained
a GPA of 3.5. (Tr. 116, 149, 519, 470.) Plaintiff has worked as a
door assembler, laborer, construction worker, and telephone survey
worker. (Tr. 716.) He alleges disability due to physical impairments
from hepatitis C and mental impairments since September 30, 1998.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 3

1 | (Tr. 376-378.)

2 | **SEQUENTIAL EVALUATION PROCESS**

3 | The Social Security Act (the "Act") defines "disability" as
4 | the "inability to engage in any substantial gainful activity by
5 | reason of any medically determinable physical or mental impairment
6 | which can be expected to result in death or which has lasted or can
7 | be expected to last for a continuous period of not less than twelve
8 | months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
9 | provides that a Plaintiff shall be determined to be under a
10 | disability only if any impairments are of such severity that a
11 | Plaintiff is not only unable to do previous work but cannot,
12 | considering Plaintiff's age, education and work experiences, engage
13 | in any other substantial gainful work which exists in the national
14 | economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the
15 | definition of disability consists of both medical and vocational
16 | components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
17 | 2001).

18 | The Commissioner has established a five-step sequential
19 | evaluation process for determining whether a person is disabled. 20
20 | C.F.R. §§ 404.1520, 416.920. Step one determines if the person is
21 | engaged in substantial gainful activities. If so, benefits are
22 | denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
23 | the decision maker proceeds to step two, which determines whether
24 | Plaintiff has a medically severe impairment or combination of
25 | impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

26 | If Plaintiff does not have a severe impairment or combination
27 | of impairments, the disability claim is denied. If the impairment

28 |

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 4

is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.    20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1.    If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.    If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.    If a Plaintiff is able to perform previous work, that Plaintiff is deemed    not    disabled.    20    C.F.R.    §§    404.1520(a)(4)(iv), 416.920(a)(4)(iv).    At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.    If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience.    20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).    The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work.    The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform

1   other substantial gainful activity, and (2) a "significant number of

2   jobs exist in the national economy" which Plaintiff can perform.

3   *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

5        Congress has provided a limited scope of judicial review of a

6   Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold

7   the Commissioner's decision, made through an ALJ, when the

8   determination is not based on legal error and is supported by

9   substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

10  Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

11  "The [Commissioner's] determination that a plaintiff is not disabled

12  will be upheld if the findings of fact are supported by substantial

13  evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)

14  (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a

15  mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th

16  Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*,

17  888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of*

18  *Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

19  Substantial evidence "means such evidence as a reasonable mind might

20  accept as adequate to support a conclusion."  *Richardson v. Perales*,

21  402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences

22  and conclusions as the [Commissioner] may reasonably draw from the

23  evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289,

24  293 (9th Cir. 1965).  On review, the Court considers the record as a

25  whole, not just the evidence supporting the decision of the

26  Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)

27  (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 6

1   It is the role of the trier of fact, not this court, to resolve
2   conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence
3   supports more than one rational interpretation, the court may not
4   substitute its judgment for that of the Commissioner. *Tackett*, 180
5   F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ Cir. 1984).
6   Nevertheless, a decision supported by substantial evidence will
7   still be set aside if the proper legal standards were not applied in
8   weighing the evidence and making the decision. *Brawner v. Secretary*
9   *of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir. 1987).
10  Thus, if there is substantial evidence to support the administrative
11  findings, or if there is conflicting evidence that will support a
12  finding of either disability or nondisability, the finding of the
13  Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-
14  1230 (9ᵗʰ Cir. 1987).

15                          **ALJ'S FINDINGS**

16      The ALJ found at the onset that Plaintiff meets the
17  nondisability requirements and is insured for disability benefits
18  through September 30, 1998, with respect to his DIB claim. (Tr.
19  467.) The ALJ found at step one that Plaintiff has not engaged in
20  substantial gainful activity during any time at issue. (Tr. 468.)
21  At step two, the ALJ incorporated the prior decision's description
22  of Plaintiff's impairments (Tr. 468), reviewed the subsequent
23  evidence, and found that the medical evidence established that
24  Plaintiff suffered from the severe impairments of hepatitis C,
25  dysthymia, borderline intellectual functioning, personality
26  disorder, and polysubstance abuse, in remission. (Tr. 469.) Though
27  Plaintiff's impairments are considered severe, the ALJ concluded at
28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 7

step three that he does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (Tr. 469.)

The ALJ found that Plaintiff's polysubstance abuse, in remission, is not a material contributing factor. (Tr. 469-470.) At step four, after finding Plaintiff's testimony regarding his limitations not fully credible, the ALJ concluded that Plaintiff has the RFC to perform work with no exertional limitations, but is moderately limited mentally in his ability to understand and remember detailed instructions, to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to complex changes in the work setting. (Tr. 471.) The ALJ asked the vocational expert if someone with Plaintiff's mental impairments and background could perform any of Plaintiff's past relevant work. The vocational expert opined that such a person could perform all of Plaintiff's past relevant work except as a telephone survey taker. (Tr. 718-719.) At step four the ALJ considered the vocational expert's testimony and concluded that, because Plaintiff has the RFC to perform his past relevant work (other than survey work), he was not disabled within the meaning of the Social Security Act. (Tr. 471-472.) Alternatively, at step five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy and is, therefore, not disabled as defined by the Social Security Act. (Tr. 472-473.)

**ISSUE**

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, he argues that the ALJ failed to properly weigh

1  the medical evidence of his physical and mental impairments. (Ct.

2  Rec. 13 at 13-17.)

3       The Commissioner opposes the Plaintiff's Motion and asks that

4  the ALJ's decision be affirmed.  (Ct. Rec. 16 at 8.)

5                               **DISCUSSION**

6  **A.   Weighing Medical Evidence - Physical Impairments**

7       In social security proceedings, the claimant must prove the

8  existence of a physical or mental impairment by providing medical

9  evidence consisting of signs, symptoms, and laboratory findings; the

10 claimant's own statement of symptoms alone will not suffice.   20

11 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on

12 the basis of a medically determinable impairment which can be shown

13 to be the cause of the symptoms.  20 C.F.R. § 416.929.  Once medical

14 evidence of an underlying impairment has been shown, medical

15 findings are not required to support the alleged severity of

16 symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

17      A treating or examining physician's opinion is given more

18 weight than that of a non-examining physician.  *Benecke v. Barnhart*,

19 379 F.3d 587, 592 (9th Cir. 2004).  If the treating or examining

20 physician's opinions are not contradicted, they can be rejected only

21 with "clear and convincing" reasons.  *Lester v. Chater*, 81 F.3d 821,

22 830 (9th Cir. 1996).  If contradicted, the ALJ may reject an opinion

23 if he states "specific, legitimate" reasons that are supported by

24 substantial evidence.  *See Flaten v. Secretary of Health and Human

25 Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).  In addition to medical

26 reports in the record, the analysis and opinion of a non-examining

27 medical expert selected by an ALJ may be helpful to the

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 9

1  adjudication. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)

2  (*citing Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989)).

3  Testimony of a medical expert may serve as substantial evidence when

4  supported by other evidence in the record. *Id.*

5       With respect to his physical limitations, Plaintiff contends

6  that the ALJ erred by rejecting the opinions of treating physician

7  Michael Dixson, M.D., and of testifying medical expert Arthur Craig,

8  M.D., and by failing to acknowledge his (the ALJ's) statement at the

9  hearing that he "would do a closed period of disability" if

10 Plaintiff's interferon treatment lasted longer than 12 months. (Ct.

11 Rec. 13 at 13-14; Ct. Rec. 17 at 1-2.)  Dr. Craig opined that

12 Plaintiff would likely have disabling limitations during the nine or

13 12 months of hepatitis C treatment and for three months thereafter.

14 (Ct. Rec. 13 at 13-14, citing Tr. 707-710.)  The Commissioner

15 responds that the ALJ properly weighed the medical evidence, and the

16 ALJ's negative credibility determination together with the

17 reasonable inferences the court may draw from the record support the

18 ALJ's determination that Plaintiff suffered no physical impairment

19 for any period of time.  (Ct. Rec. 16 at 7, 9-12.)

20      In his decision, the ALJ stated: "Dr. Craig testified that the

21 claimant had mild chronic hepatitis C that was asymptomatic. He

22 opined that the claimant had no exertional limitations, except for

23 limitations that may occur during his hepatitis C treatment, which

24 only lasts 12 months." (Tr. 469.)

25      As Plaintiff correctly points out, at the hearing on May 5,

26 2005, Dr. Craig testified that three months should be added to the

27 end of the treatment period when determining a period of disability.

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 10

He opined that the side effects from the interferon treatment during the active treatment phase and for three months thereafter "are enough to keep practically anyone from being able to work." (Tr. 707, 710.) After Dr. Craig's testimony, the ALJ told Plaintiff's counsel "I'll keep the record open. If you can give me a statement that the treatment's going to last 12 months based on Dr. Craig's testimony we could – I could at least do a closed period . . . ." (Tr. 710.)

In his decision, the ALJ's discussion of Plaintiff's hepatitis C treatment is limited to the following:

> The claimant's medical records from Spokane Digestive Disease Center show that the claimant's hepatitis C showed a medium to low viral load, mild activity on biopsy and no significant fibrosis or cirrhosis. The claimant began a 12-month treatment for his hepatitis C in December 2004, and his doctor, Michael Dixson, M.D., noted that he was tolerating the treatment well, with minimal side-effects. Exhibit 25F.
>
> . . .
>
> . . . Dr. Craig testified that the claimant had mild chronic hepatitis C that was asymptomatic. He opined that the claimant had no exertional limitations, except for limitations that may occur during his hepatitis C treatment, which only lasts 12 months. The undersigned finds Drs. Bostwick's and Craig's testimony persuasive and concurs.

(Tr. 468-469.)

After the hearing, but presumably before the ALJ's decision (the record is unclear in this respect), Plaintiff's attorney submitted a letter dated May 10, 2005, by Dr. Dixson. It appears from the face of the letter that it was faxed on May 13, 2005, but it is not clear to the undersigned if that is the date it was received by counsel or by the ALJ. In the letter Dr. Dixson

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 11

indicated that he planned to keep Plaintiff on interferon therapy until late December of 2005. Plaintiff started treatment on December 27, 2004, meaning Dr. Dixson expected treatment to last 12 months. (Tr. 618.) The ALJ's decision does not discuss the letter directly, although he refers to Plaintiff's interferon treatment lasting for 12 months. (Tr. 469.) The ALJ's decision does not mention Dr. Craig's unrefuted testimony that if the treatment lasted 12 months, another three months should be added to the total time that the interferon treatment would prevent "practically anyone" from working. (Tr. 710.) In his decision, the ALJ found no exertional impairments for any period of time. (Tr. 471, 473.)

With respect Plaintiff's physical impairments, the Appeals Council stated:

> You contend that the Interferon treatment will last more than a year and prevent the claimant from performing even sedentary work on a sustained basis. However, although the Interferon treatment could cause a number of significant side effects, the Administrative Law Judge evaluated the claimant's subjective complaints and found that the record does not support such extreme limitations. The Administrative Law Judge found that the claimant's side effects would not prevent him from performing his past relevant work for a period of 12 months or more.

(Tr. 439.)

The undersigned agrees with the Plaintiff that the ALJ and the Appeals Council failed to provide legally sufficient reasons for rejecting the medical opinions of Drs. Craig and Dixson. Despite the ALJ's invitation to present evidence of the expected duration of treatment, so that a closed period of eligibility could be established, it does not appear that the requested evidence was properly considered by the ALJ or by the Appeals Council. Based on

1   uncontroverted medical evidence, reliance on Plaintiff's credibility
2   does not appear relevant to the determination of physical impairment
3   caused by interferon treatment.

4       The issue is whether to remand for further proceedings with
5   respect to the closed period of eligibility for benefits or simply
6   to award benefits for the closed period.   That decision is within
7   the discretion of the court.  *McAllister v. Sullivan*, 888 F.2d 599,
8   603 (9th Cir. 1984).  Generally the award of benefits is appropriate
9   where no useful purpose would be served by further administrative
10  proceedings or when the record is fully developed and there is not
11  sufficient evidence to support the ALJ's conclusion.  *Rodriguez v.*
12  *Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).   Remand for an immediate
13  payment of benefits is warranted only if,

14          (1) the ALJ has failed to provide legally sufficient
            reasons for rejecting [a medical opinion], (2) there are
15          no outstanding issues that must be resolved before a
            determination of disability can be made, and (3) it is
16          clear from the record that the ALJ would be required to
            find the claimant disabled were such evidence credited.
17

18  *Harmon v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 121 S.
19  Ct. 628 (2000) (*quoting Smollen v. Chater*, 80 F.3d 1273, 1292 (9th
20  Cir. 1996)).

21      As explained above, the first element of this test is satisfied
22  because the ALJ improperly failed to provide any reason for
23  rejecting the opinions of Drs. Craig and Dixson.  The reasons given
24  by the Appeals Council are not clear and convincing.  The final two
25  elements also are satisfied in this case.  When Dr. Craig and Dr.
26  Dixson's opinions are credited, it is clear that Plaintiff was
27  physically precluded from performing work on a regular and sustained
28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 13

basis for 15 months; he was thus disabled for purposes of the Act for 15 months, beginning December 27, 2004. Given the available evidence, remand for additional fact-finding would serve no useful purpose but would merely delay the receipt of benefits for the closed period. Reversal and remand for an award of benefits during the closed period is appropriate.

**B.    Weighing Medical Evidence - Mental Impairments**

With respect to mental impairments, Plaintiff contends that the ALJ failed to properly credit the opinions of examining physicians and erred by relying on the opinion of testifying medical expert Allen Bostwick, Ph.D. (Ct. Rec. 13 at 14-17.) The Commissioner responds that the ALJ properly resolved the conflicting medical evidence. (Ct. Rec. 16 at 12-14.)

When weighing the medical testimony the ALJ considered Plaintiff's credibility. He found Plaintiff less than completely credible. (Tr. 470.) Plaintiff does not challenge this finding. Credibility determinations bear on the evaluation of medical evidence when an ALJ is presented with conflicting medical opinions. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

Plaintiff's allegation that the ALJ improperly rejected the opinions of various examining mental health providers in favor of Dr. Bostwick's is not supported by the record. Kayleen Islam-Zwart, Ph.D., evaluated Plaintiff in November of 2004. The ALJ noted that she assessed a GAF of 55[3] and opined that Plaintiff would likely be

---

[3]A Global Assessment of Functioning of 55 indicates moderate symptoms or moderate difficulty in social, occupational or school

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 14

able to work if his depressive symptoms and problems with hepatitis B and C were under control, despite his antisocial characteristics. (Tr. 469.) The ALJ noted the opinion of examining doctor John McRae, Ph.D., also in November of 2004: Dr. McRae opined that Plaintiff was capable of remembering and carrying out at least simple work tasks, and his persistence and pace would be fine if he primarily worked away from the public and many coworkers. (Tr. 468, citing Exhibit 24F at Tr. 524.) The ALJ pointed out that Dr. McRae's testing showed evidence of malingering. (Tr. 468, citing Tr. 522-524.) The ALJ observed that after Plaintiff began taking antidepressants (Wellbutrin and Depakote) in December of 2004, he was noted to be doing "noticeably better" by February of 2005. (Tr. 469, citing Tr. 605.)

Dr. Bostwick reviewed the record and opined that Plaintiff suffers from the mental impairments of dysthymia, borderline intellectual functioning (at the upper range), personality disorder, and polysubstance abuse, in remission. (Tr. 679-680.) As a result of these impairments, Dr. Bostwick opined that Plaintiff is moderately limited in his ability to understand and remember detailed instructions, to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to complex changes in the work setting. (Tr. 469, citing Tr. 584-586.)

Dr. Bostwick opined that while Mr. Crawford's evaluation in September of 2000 contains a rule-out malingering diagnosis; Mr.

functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed., (DSM-IV), at 32.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 15

Crawford went on to diagnose adjustment disorder with mixed emotional features and several marked and moderate impairments. Dr. Bostwick felt that Plaintiff's tests indicating malingering made Mr. Crawford's diagnosis unreliable. (Tr. 677-678.) Dr. Bostwick observed that when Darcie Smiley, M.S., evaluated the Plaintiff in May of 2001, she diagnosed malingering based on test results and did not make a further axis I diagnosis as a result. Dr. Bostwick opined that this was proper diagnostic approach. (Tr. 678-679.)

The ALJ pointed out that examining physician John Moulton, M.D., opined in September of 2001 that Plaintiff's depression was not disabling, and that with mental health care, he would be able to maintain employment. (Tr. 471, citing Tr. 256.) Although the ALJ does not mention the March 7, 2002, evaluation by Ger Moua, M.S., the assessment concludes that Plaintiff can work in jobs that do not require a lot of social interaction (Tr. 281), which is generally consistent with the opinions of other examining mental health providers and with Dr. Bostwick's opinion.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715,

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 16

722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ may consider at least the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002), *citing Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

As noted, the ALJ determined that Plaintiff's allegations regarding his limitations were less than fully credible, and Plaintiff does not challenge this finding.  (Tr. 470.)  The ALJ noted that tests repeatedly indicate that Plaintiff is malingering and exaggerating his impairments for secondary gain. (Tr. 470, citing Exhibits 4F, 8F, and 24F.)  The ALJ observed that Plaintiff's IQ scores are in the range of borderline intellectual functioning, yet he was able to obtain a GED and,

> [M]aintain a 3.5 grade point in college. The claimant's college transcript shows he attended college from the fall of 2001 to the fall of 2004, and earned 107 credits. Exhibit 14E.  During part of this time, he was also working part-time. These activities are not as limited to the extent one would expect, given the claimant's complaints of disabling symptoms and limitations.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR PAYMENT OF A CLOSED PERIOD OF BENEFITS - 17

1  (Tr. 470.)

2      The ALJ found that Plaintiff's allegations of severe mental
3  limitations were inconsistent with evidence of his daily activities,
4  which included completing college credits and earning good grades,
5  as well as working part-time while attending college.

6      The ALJ is responsible for reviewing the evidence and resolving
7  conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881
8  F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact,
9  not this court, to resolve conflicts in evidence.  *Richardson,* 402
10 U.S. at 400.  The court has a limited role in determining whether
11 the ALJ's decision is supported by substantial evidence and may not
12 substitute its own judgment for that of the ALJ even if it might
13 justifiably have reached a different result upon de novo review.  42
14 U.S.C. § 405(g).

15     After reviewing the record, the undersigned finds that the
16 ALJ's unchallenged credibility determination was supported by
17 substantial evidence in the record, and that the ALJ's weighing of
18 the evidence with respect to Plaintiff's mental impairments was
19 supported by substantial evidence and free of legal error.

20                          **CONCLUSION**

21      Plaintiff's Motion for Summary Judgment is granted in part.
22 The case is remanded for a calculation and payment of the amount of
23 benefits to which Plaintiff is entitled during a closed period of
24 fifteen months beginning December 27, 2004.  Having reviewed the
25 record and the ALJ's conclusions, this court finds that the
26 remainder of the ALJ's decision is supported by substantial evidence
27 and free of legal error.  Other than the closed period indicated

28
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND REMANDING FOR
PAYMENT OF A CLOSED PERIOD OF BENEFITS - 18

above, Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED IN PART**.

2.   Defendant's Motion for Summary Judgment (**Ct. Rec. 15**) is **DENIED**.

3.   The case is **REMANDED** for the calculation and payment of an award of benefits for a closed period of fifteen months, beginning December 27, 2004.

4.   The District Court Executive is directed to file this Order, provide a copy to counsel for Plaintiff and Defendant, enter judgment in favor of Plaintiff, and **CLOSE** this file**.**

DATED February 22, 2007.


                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE